UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Steven M. Kirchner, | Case No. 21-cv-0247 (WMW/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| The F.B.I.; et al., | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Steven M. Kirchner's Application to Proceed in District Court Without Prepaying Fees or Costs. [Docket No. 2].

For the reasons discussed herein, the undersigned recommends that this matter be **DISMISSED without prejudice** for lack of jurisdiction, and it is further recommended that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2], be **DENIED as moot**.

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Plaintiffs have an affirmative obligation to include a short and plain statement in their pleading establishing the basis for the Court's jurisdiction. See Fed. R. Civ. P. 8(a)(1).

In the present case, Plaintiff has failed to comply with this obligation. In his Complaint, Plaintiff has alleged that this Court has jurisdiction due to the parties' diversity of citizenship, (see, Compl., [Docket No. 1], at 4), but Plaintiff does not allege the state of citizenship of any of the named Defendants. Thus, Plaintiff has not established that the parties are, in fact, of diverse

citizenship. In any event, diversity of citizenship <u>cannot</u> supply the basis for jurisdiction in this matter, as many of the Defendants are federal agencies that have citizenship in no particular state. <u>See, e.g.</u>, <u>Federal Deposit Insurance Corp. v. National Surety Corp.</u>, 345 F. Supp. 885, 887 (S.D. Iowa 1972).

Nor is it obvious from its face that Plaintiff's Complaint presents a question of federal law over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Although Plaintiff has named several federal agencies as Defendants in this action, it is not altogether clear that he is raising federal causes of action. The impetus for this lawsuit appears to be that Plaintiff believes that law-enforcement officials are not adequately investigating crimes being committed against other individuals. <u>See</u>, Compl., [Docket No. 1], at 4–5). No federal statute, constitutional provision, or cause of action is specified in the Complaint. Section 1331, then, cannot supply a basis for the Court's subject matter jurisdiction.

Finally, there is an additional jurisdictional hurdle preventing this matter from going forward: Plaintiff lacks standing to bring the claims that he is attempting to raise. <u>Faibisch v. University of Minnesota</u>, 304 F.3d 797, 801 (8th Cir. 2002) (noting that courts lack subject-matter jurisdiction over matters in which the plaintiff lacks standing). As mentioned above, Plaintiff brings this action seeking further investigation by law-enforcement officials into crimes he believes to have occurred. But even being the <u>victim</u> of an offense is insufficient to confer standing to contest decisions of law-enforcement officials to prosecute or not prosecute an alleged offender. <u>See</u>, <u>Parkhurst v. Tabor</u>, 569 F.3d 861, 865–67 (8th Cir. 2009). Plaintiff does not even allege this much; by all indications, Plaintiff has no relation to any of the offenses alleged to have occurred. "The [Supreme] Court's prior decisions consistently hold that a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with

prosecution." <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 619 (1973). Put another way, even if a federal statute supplied the Court with jurisdiction over the kinds of claims that Plaintiff presents here, Plaintiff would lack standing to prosecute those claims. This lack of standing is itself a jurisdictional barrier to relief.

Accordingly, it is recommended that this matter be **DISMISSED without prejudice** for lack of jurisdiction. This recommendation of dismissal renders moot Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. [Docket No. 2]. On that basis, it is further recommended that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2], be **DENIED as moot**.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED without prejudice** for a lack of subject matter jurisdiction; and

2. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2], be **DENIED as moot**.

Dated: February 26, 2021               s/Leo I. Brisbois
                                       Hon. Leo I. Brisbois
                                       United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the

Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. <u>See</u>, Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).